IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER D. BOYD, III, #22760, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 24-cv-01044-JPG |
| DEPUTY GARY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the Complaint (Doc. 19)[1] filed by Plaintiff Walter D. Boyd on July 30, 2024. He brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his confinement at St. Clair County Jail in 2023, when Deputy Gary allegedly used excessive force against him. Plaintiff seeks monetary and declaratory relief. *Id*. The Complaint is now subject to screening under 28 U.S.C. § 1915A, which requires the Court to filter out any portion of a prisoner complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). At this stage, the allegations are liberally construed in favor of the *pro se* plaintiff. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 19, pp. 1-4): During his detention at St. Clair County Jail ("Jail") in 2023, Plaintiff was subjected to excessive force by Deputy Gary when he reported to Plaintiff's block to investigate reports of a disturbance. In the

---

[1] Plaintiff originally filed an unsigned Complaint, which was stricken when he missed the deadline for signing and returning it for filing. *See* Docs. 1 and 16. Plaintiff then filed a signed Complaint (Doc. 19) on July 30, 2024, in response to the Notice of Impending Dismissal. The signed Complaint is the subject of this Merit Review Order.

1

process, Deputy Gary pushed Plaintiff out of the block and instructed other officers to shut the door behind them. The deputy then grabbed Plaintiff's head and neck and slammed his face into the wall. Even as he warned Plaintiff not to resist, Deputy Gary repeatedly punched him in the face and body. The officer then ordered the other deputies to "take Plaintiff to the floor," where Deputy Gary kicked Plaintiff aggressively in the face, neck, and body with his black boots. Once the defendant became exhausted, four other deputies took Plaintiff to the health care unit for treatment of his injuries. *Id*.

Based on these allegations, the Court deems it appropriate to designate a single count in the *pro se* Complaint:

> **Count 1:** Deputy Gary subjected Plaintiff to the unauthorized use of force in 2023, in violation of Plaintiff's rights under the Eighth or Fourteenth Amendment.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Discussion

The legal standard that governs this claim depends on the plaintiff's status as a pretrial detainee or convicted person at the time his claim arose. The Fourteenth Amendment Due Process Clause governs the claim, if he was a pretrial detainee. U.S. CONST. amend XIV. In this context, Plaintiff must show that the force that was purposely or knowingly used against him was also objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). The Eighth Amendment Cruel and Unusual Punishment Clause governs the claim if he was a convicted person. U.S. CONST. amend VIII. To proceed with an excessive force claim under this standard, Plaintiff must show that the force was applied "maliciously and sadistically." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The allegations against Deputy Gary satisfy both standards at screening, and Count 1 shall

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

receive further review against this defendant. The parties can use discovery to determine the plaintiff's legal status and applicable legal standard as the case proceeds.

Because Deputy Gary must be identified by first and last name before service of this lawsuit can be made on him, the Court will add the St. Clair County Sheriff, in an official capacity only, for purposes of identifying "Deputy Gary" with particularity. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the defendant. *Rodriguez*, 577 F.3d at 832. Once Deputy Gary's full name is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the caption and Complaint.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 19) survives review under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **DEPUTY GARY,** once this defendant is identified by first and last name. To assist with his identification, the Clerk's Office is **DIRECTED** to **ADD** the **ST. CLAIR COUNTY SHERIFF** as a Defendant, in his or her official capacity only, for the purpose of responding to discovery aimed at identifying the unknown officer with particularity. **St. Clair County's Sheriff need only appear in this matter and need not file an answer.**

The Clerk of Court shall prepare for Defendants **ST. CLAIR COUNTY SHERIFF** (official capacity), and, once identified, **DEPUTY GARY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 19), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal

service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Deputy Gary is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. **Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **FED. R. CIV. P. 41(b).**

**IT IS SO ORDERED**.

DATED: 8/29/2024              s/J. Phil Gilbert
                              **J. PHIL GILBERT**
                              **United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved on "Deputy Gary," the defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive the Answer, but it is entirely possible that it will take 90 days or more.  Once the Answer is filed, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for "Deputy Gary" before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before the defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.