IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WALTER D. BOYD, III, #22760,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 24-cv-01044-JPG |
| | ) |
| **DEPUTY GARY and** | ) |
| **SHERIFF RICHARD WATSON,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

This case was opened upon receipt of an unsigned Complaint (Doc. 1) from Plaintiff Walter Boyd on April 4, 2024, which was replaced with a signed Complaint (Doc. 19) on July 30, 2024. In the signed version, Plaintiff brings a claim under 42 U.S.C. § 1983 for constitutional deprivations that occurred when Deputy Gary allegedly used excessive force against him at St. Clair County Jail in July 2023. The Complaint survived screening under 28 U.S.C. § 1915A and was allowed to proceed against Deputy Gary, once identified by first and last name, and Sheriff Richard Watson, in an official capacity for purposes of identify Deputy Gary.

Plaintiff has since failed to prosecute his claim against this defendant. At the time the case was opened, the Court advised Plaintiff of his ongoing obligation to keep the Clerk of Court informed of any change in his address. (Doc. 4). He was warned that failure to do so within fourteen (14) days of any relocation would result in dismissal of his lawsuit. *Id*. Plaintiff was also reminded of this ongoing obligation in the Merit Review Order. (Doc. 21). Additionally, Local Rule 3.1 requires Plaintiff to keep the Clerk of Court informed of any address change. SDIL-LR 3.1(b)(2).

Plaintiff's mail has been returned to the Court undelivered. (Docs. 21-23). He did not notify the Court of an address change in violation of the Court's Orders, *see* Docs. 4 and 21. He also failed to respond to the Court's Order to Show Cause why this case should not be dismissed for his failure to prosecute, in spite of a warning that this case would be dismissed without further notice based on Plaintiff's failure to respond to the Order. (Doc. 24) (citing FED. R. CIV. P. 41(b)). Plaintiff was required to respond no later than October 3, 2024, and he filed no response.

The Court will not allow this matter to linger. This case shall now be dismissed for failure to comply with multiple orders and for failure to prosecute the claims herein. *See* FED. R. CIV. P. 41(b). This case shall be dismissed, and the dismissal shall be without prejudice.

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with multiple court orders to update his address, *see* Docs. 4, 21, and 24, and for failure to prosecute his claims, *see* FED. R. CIV. P. 41(b). *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). If Plaintiff chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). Moreover, if the appeal is found to

be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to the Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  10/17/2024**                                s/ J. Phil Gilbert
                                                                 **J. PHIL GILBERT**
                                                                 **United States District Judge**